## STATE EX REL. GUSTAVE A. CARLSON v. DISTRICT COURT OF HENNEPIN COUNTY.[1]

November 5, 1915.

Nos. 19,537—(205).

**Workmen's Compensation Act — compensation for death.**

> The right of action to recover compensation for the death of an employee, given by the Workmen's Compensation Act (G. S. 1913, § 8208, as amended by Laws 1915, c. 209), is a new and distinct right of action created by the death.

Upon the relation of Gustave A. Carlson this court granted its writ of *certiorari* directed to the district court for Hennepin county, to review the order of that court in a proceeding against relator under the Workmen's Compensation Act brought by Dorothy Rapley, on behalf of herself as surviving spouse and as mother of their minor children, to recover compensation for the death of Charles J. Rapley, deceased. Affirmed.

*Olof L. Bruce,* for relator.

*Robertson & Bonner,* for respondent.

BUNN, J.

*Certiorari* to review an order of the district court in a proceeding under the Workmen's Compensation Act to recover compensation for the death of Charles J. Rapley. Rapley was in the employ of defendant Carlson. On the morning of June 30, 1915, while engaged in the performance of the duties of his employment, he suffered an injury from the effects of which he died at about 1:30 a. m. on the morning of July 1. Laws 1915, p. 285, c. 209, by its terms went into effect July 1, 1915. It increased the maximum and minimum compensation in case of death, and provided that the employer should pay the expense of last sickness

1 Reported in 154 N. W. 661.

Note.—For annotations on various phases of workmen's compensation acts, see L.R.A. 1916A, 23 et seq.

and burial, not exceeding $100 in amount. This provision was not in the prior law. The trial court held that plaintiff, the widow of the deceased workman, who sued in her own behalf and as mother of her minor children, was entitled to recover under the law in force on the day Rapley died. Relator contends that the law in force on the day he was injured governs.

The trial court was right. The claim of plaintiff for compensation does not arise from the injury to her husband, but is a new and distinct right of action created by his death. Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 Am. St. 665; Michigan Central R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. ed. 417, Ann. Cas. 1914 C, 176; American R. Co. v. Didricksen, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. ed. 456.

Order affirmed. ⸺⸺