(93 South. 900)

### Ex parte AVONDALE MILLS.

### COKER v. AVONDALE MILLS.

#### (7 Div. 303.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**Master and servant** ⟨⟩385(20)—**Compensation may be commuted to lump sum by consent.**

Under Workmen's Compensation Act, § 23, amounts of compensation payable periodically may be commuted to a lump sum payment only by consent of the parties.

Certiorari to Circuit Court, St. Clair County.

Proceeding by J. M. Coker against the Avondale Mills for compensation under the Workmen's Compensation Act. Judgment for claimant, and defendant brings certiorari. Writ awarded, judgment reversed, and cause remanded.

Lange & Simpson, of Birmingham, for petitioner.

A circuit judge has no power to order compensation paid in a lump sum, except without the consent of the parties. Acts

1919, p. 206, § 23; 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957; 99 Neb. 109, 155 N. W. 237; 32 N. D. 565, 156 N. W. 209; 99 Neb. 328, 156 N. W. 511.

Horace C. Alford, of Birmingham, opposed.

The circuit judge was authorized to award judgment in a lump sum without the consent of the parties. Acts 1919, p. 206, § 23.

GARDNER, J. One J. M. Coker received an injury to his right hand in the factory of the Avondale Mills at Pell City, and, according to his contention, lost his entire middle finger and also his thumb. Coker filed his petition in the circuit court of St. Clair county for compensation under the Workmen's Compensation Act (Laws 1919, p. 206). The court, without the consent of the parties, rendered a judgment in favor of petitioner in a lump sum, and this action of the court is assigned as error and argued by counsel in brief.

Construing section 23 of our Workmen's Compensation Act, this court, following the holding of the Minnesota court in State v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957 (from which state our statute was largely borrowed) held that the amounts of compensation payable periodically may be commuted to a lump sum payment under the provisions of this section, only by consent of the parties. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803. The judgment rendered therefore was erroneous.

There are some few questions, a consideration of which we pretermit, and have concluded, under circumstances here presented, which need not be detailed, the judgment for the error indicated should be reversed, and the cause remanded to the trial court.

Writ of certiorari is awarded, and the cause reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.