(108 So. 862)

**EDWARDS v. DOSTER-NORTHINGTON DRUG CO.** (6 Div. 578.)

(Supreme Court of Alabama. May 27, 1926.)

**1. Master and servant ☞348.**

Workmen's Compensation Act (Code 1923, §§ 7543–7597) is liberally construed.

**2. Statutes ☞188, 206.**

Plain words of statute should be given their ordinary signification, and all provisions be given effect, if possible, according to legislative intent.

**3. Master and servant ☞386(4)—Court held without jurisdiction to award compensation claimant lump sum settlement for death, in absence of agreement by employer (Workmen's Compensation Act [Code 1923, § 7573]).**

In view of Code 1923, § 7573, in absence of agreement by employer, court was without jurisdiction to award a lump sum settlement to claimant under Workmen's Compensation Act, for death of her husband.

Certiorari to Circuit Court, Jefferson County; John Denson, Judge.

Petition of Fannie Edwards for certiorari to the circuit court of Jefferson county to review the judgment of that court in a proceeding under the Workmen's Compensation Act by the petitioner against the Doster-Northington Drug Company. Affirmed.

Horace C. Wilkinson and J. R. McElroy, both of Birmingham, for appellant.

The construction placed upon the statute of a state, which statute is later adopted by another state, is persuasive, but not conclusive, upon the adopting state. 36 Cyc. 1154, 1156; Ala. F. & I. Co. v. Denson, 208 Ala. 337, 94 So. 311; Anaconda, etc., v. Sparrow, 29 Mont. 132, 74 P. 197, 64 L. R. A. 128, 101 Am. St. Rep. 563, 1 Ann. Cas. 144. The construction placed upon the precursor of Code 1923, § 7573, by the Minnesota court (State v. District Court of Koochiching County, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957) is unsound, and should not be followed. Provisions of the Workmen's Compensation Act should be liberally construed. Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Rosengrant, 213 Ala. 202, 104 So. 409.

Bradley, Baldwin, All & White, and John L. Bromberg, all of Birmingham, for appellee.

A lump sum settlement cannot be effected in a death case, unless agreed to by both the parties. Code 1923, § 7573; Woodward Ir. Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte Avondale Mills, 208 Ala. 269, 93 So. 900; State v. Dist. Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957; Bailey v. U. S. F. & G. Co., 99 Neb. 109, 155 N. W. 237; Pierce v. Boyer, 99 Neb. 321, 156 N. W. 509, L. R. A. 1916D, 970; Amer. Zinc Co. v. Lusk, 148 Tenn. 220, 255 S. W. 39. The Alabama Legislature is presumed to have adopted the construction of the Minnesota court upon the Minnesota statute. Steagall v. Sloss Co., 205 Ala. 100, 87 So. 787.

SAYRE, J. Appellant was awarded compensation for the loss of her husband according to provisions of the Workmen's Compensation Act (Code 1923, §§ 7543–7597). Defendant conceded the justice of appellant's claim in general and offered to pay in installments. Appellant demanded compensation by lump sum, but this feature of appellant's claim was refused, and the trial court held that, in the absence of an agreement between the parties, it had no jurisdiction to order a lump sum payment in lieu of installments to fall due. The single question presented for review is whether an agreement between the parties is necessary to confer jurisdiction to award a lump sum settlement in a case where the compensation is for the death of the wage earner.

The statute (section 7573 of the Code of 1923), providing for the commutation of periodical payments by a lump sum settlement

under the Workmen's Compensation Act, reads as follows:

"The amounts of compensation payable periodically hereunder, either by agreement of the parties approved by the court, or by decision of the court, may be commuted to one or more lump sum payments, except compensation due for death or permanent total disability, or for permanent partial disability resulting from total loss of hearing, or from the loss of an arm or a hand or a foot or a leg, or an eye, or of more than one such member. These may be commuted only with the consent of the circuit court. In making such commutations, the lump sum payments shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six per cent. basis."

In two cases, Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803, and Coker v. Avondale Mills, 208 Ala. 268, 93 So. 900, this court has held that there can be no commutation without the consent of the parties, which includes the employer as well as the dependents, herein following State v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957, decided prior to the passage of the Compensation Act in this state, wherein the court construed a section of the Minnesota act identical in every substantial particular with the section quoted above. Identical provisions of compensation laws have been so construed in Nebraska (Bailey v. United States Fidelity Co., 99 Neb. 109, 155 N. W. 237; Johansen v. Union Stockyards, 99 Neb. 328, 156 N. W. 511), and in Tennessee (American Zinc Co. v. Lusk, 148 Tenn. 220, 255 S. W. 39). In the last-cited case the statute was:

"These [amounts of compensation payable periodically] may be commuted only with the consent of the circuit court."

The court said:

"The act permits commutation only when the court consents. The use of the word 'consent' implies the presentation of an agreed stipulation or order. It negatives the idea of * * * initiatory action on the part of the court."

Against these precedents and what seems to us to be the plain meaning of the act in this regard, appellant cites numerous cases holding in general that the act should be liberally construed, and insists that the facts disclosed by the record make a case of unusual circumstances warranting and requiring

the court to order a lump sum commutation. The facts, according to appellant and some evidence advanced in the trial court, are that appellant is a widow more than 60 years of age, infirm, and somewhat inclined to melancholy since the death of her husband by violent accidental means, that the repeated suggestion of her sorrow by weekly payments would serve greatly to depress her spirits and work harm to her physical condition, whereas a payment, once for all, would allow her to avoid these recurrent exacerbations of her trouble and to make an investment that would be more valuable in a financial way than periodical payments.

[1-3] The statute is liberally construed to effectuate its general purpose and design, or, as the cases generally phrase it, such acts should be "liberally and broadly construed to effectuate their beneficent purposes." 1 Honnold's Workmen's Compensation, § 6, where the cases are cited. But "plain words should be given their ordinary signification, and all provisions be given effect, if possible, according to the legislative intent." We think the New Jersey Legislature correctly conceived the purpose of compensation acts when it used this language in the act of that state:

"It is the intention of this act that the compensation payments are in lieu of wages, and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid." New Jersey Laws 1913, c. 174, p. 309.

The idea seems to be to provide for the continuance for a time of the ordinary means of support, and to protect the rights of dependents who are inexperienced in business matters and unable to protect themselves. At any rate, the statute in plain language requires that compensation in cases like this may be commuted only upon the agreement of the parties, which agreement must have the approval of the court. So then, whatever impression the peculiar merits of appellant's claim for commutation may have made upon the trial court, that court correctly ruled that it had no jurisdiction to order a lump sum settlement in the absence of agreement by the defendant.

Judgment affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.