## ANN F. TIERNEY v. TIERNEY & COMPANY AND ANOTHER.[1]

February 21, 1929.

No. 27,189.

See note in 15 A. L. R. 821; 24 A. L. R. 441; 29 A. L. R. 1426; 51 A. L. R. 1446; 28 R. C. L. 782; 4 R. C. L. Supp. 1851; 5 R. C. L. Supp. 1563; 6 R. C. L. Supp. 1754; 7 R. C. L. Supp. 1003.

*O'Brien, Horn & Stringer,* for relator.

*Briggs, Weyl & Briggs,* for Fidelity & Casualty Company of New York, respondent insurer.

TAYLOR, C.

Thomas Tierney sustained an accidental injury which resulted in the total loss of one eye and was entitled to receive as compensation therefor $20 per week for a period of 100 weeks. He received this allowance until his death 13 weeks later. His death did not result from the injury but from an entirely different cause. He left surviving him his wife, Ann Tierney, who was wholly dependent upon him and is his sole heir, and was appointed special administratrix

[1] Reported in 223 N. W. 773.

of his estate. She presented a petition in the three capacities asking that she be awarded the compensation of $20 per week for the remaining 87 weeks to which her husband would have been entitled if he had lived. The industrial commission disallowed the claim, and a writ of certiorari brings the matter before this court.

Although the rights and obligations created by the compensation law are of a contractual nature in the sense that the law is not compulsory and applies only where both parties see fit to come under it, yet the rights granted and the obligations imposed rest upon the statute and are limited to those granted or imposed by it.

The statute creates two distinct rights—one for the benefit of the workman, the other for the benefit of his dependents. To the workman it gives compensation for disability caused by injuries sustained while in the performance of his duties. This is intended as compensation to him for loss of earnings. To his dependents it gives compensation for his death if caused by the injury. This is intended as compensation for loss of the support which they would have received from him if he had lived. Dependents are given no rights except where death results from the injury. State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N. W. 661. As the death of Mr. Tierney did not result from the injury, it is conceded that the relator has no claim under the provision for dependents.

The question presented is whether the right of a workman to receive a specified amount weekly for a specified period as compensation for an injury terminates at his death, where he dies before the expiration of the period from causes other than the injury, or whether it survives for the benefit of either his estate or his dependents. The statute makes no specific provision for such a case, and the question has not previously been presented to this court. However it has been before other courts frequently, and the cases in which it has been considered are collected in annotations found in 15 A. L. R. 821; 24 A. L. R. 441; 29 A. L. R. 1426; and 51 A. L. R. 1446.

The decisions are apparently conflicting, but the apparent conflict is due mainly to differences in the provisions of the various statutes.

Those holding that the right survives are usually based on some special provision of a particular statute. The majority of courts hold that the compensation provided for by such statutes is for the benefit of the workman and his dependents as compensation for loss of wages, and is not intended for the benefit of heirs or creditors, and does not survive the death of the beneficiary as an asset of his estate in the absence of a provision indicating that such was the legislative intention. While they hold that the beneficiary has a vested right in the instalments which became due and payable in his lifetime and that such instalments, if unpaid, belong to his estate and may be recovered by the representative of the estate, they also hold that he has no vested right in instalments to accrue in the future, and that all rights as to such instalments terminate at his death.

Among the reasons assigned for their conclusions are: That the right is purely statutory and does not extend beyond the life of the beneficiary unless the statute so provides; that the right being non-assignable does not survive to others at death; that it grew out of the contract of employment, is in lieu of wages, is personal like the contract of employment, and is terminated by death as that would have terminated the contract out of which it grew; that it is intended for the personal benefit of the beneficiary, and is not a vested right nor transmissible to others; and that the statute, having specified the rights granted to dependents, they possess only those so specified.

We think that our statute indicates clearly that the legislature contemplated and intended that the compensation granted to an injured workman should terminate at his death. It provides for compensation to him for the loss resulting to him from the injury, and this provision is entirely separate and distinct from the provision made for his dependents where the injury results in his death. G. S. 1923, § 4287, provides that claims for compensation "shall not be assignable." G. S. 1923, § 4274(f), as amended by L. 1925, p. 150, c. 161, § 2, 1 Mason Minn. St. § 4274(f), provides that where a workman dies from the injury while receiving compensation, "all payments previously made as compensation for such injury shall be

deducted from the compensation, if any, due on account of the death."

This same subdivision further provides:

"Accrued compensation due to the deceased prior to death, but not paid, shall be payable to such dependent persons, or legal heirs, as the industrial commission may order without probate administration."

Under this provision even the instalments which had accrued prior to the death of the workman and remained unpaid do not become a part of his estate nor vest in his dependents, but are to be paid to such dependents or heirs as the commission shall order without probate proceedings.

Provision is made for dependents in the event that death results from the injury, but only in that event. No provision is made for them where death results from other causes. Where a workman dies from the injury while receiving compensation, his dependents are entitled to compensation for his death, but are only entitled to the amount by which the allowance to dependents exceeds the amount which had accrued to the workman prior to his death. If, where he dies from other causes, his dependents are entitled to the compensation which would have accrued to him in the future if he had lived, they would receive a larger amount where he dies from other causes than where he dies from the injury. We cannot impute such an intention to the legislature. The fact, that where the workman dies from the injury while receiving compensation for it his dependents are not permitted to receive the unaccrued compensation to which he would have been entitled if he had lived, precludes any inference of an intention to permit them to receive such unaccrued compensation where he died from other causes. The fact that the statute expressly provides for the disposition to be made of the compensation which had accrued prior to his death, but makes no provision for that to accrue thereafter, also indicates that the legislature did not intend to give any rights to others in such unaccrued compensation.

The order of the commission is affirmed.

STONE, J. took no part.