26 So.2d 88

### CONSOLIDATED COAL CO. v. DILL.
### 6 Div. 414.

Supreme Court of Alabama.
May 9, 1946.

Kingman C. Shelburne and Davies & Mead, all of Birmingham, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

GARDNER, Chief Justice.

Proceedings under the workmen's compensation statute (Chapter 5, Title 26, Code 1940) by A. M. Dill against Consolidated Coal Company. From a judgment awarding compensation, the employer Coal Company seeks review by certiorari.

In proceedings of this character compliance with technical rules of pleading is not required. Ex parte Coleman, 211 Ala. 248, 100 So. 114; Sloss-Sheffield Steel & Iron Co. v. Watts, 236 Ala. 636, 184 So. 201; Randle v. Dumas, 229 Ala. 396, 157 So. 218; Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271; Ex parte National Pipe & Foundry Co., 213 Ala. 605, 105 So. 693.

So considered, we think it clear enough the amended complaint was sufficient and demurrer thereto was overruled without error. The complaint sufficiently discloses the employee Dill's injury was received by an accident "arising out of and in the course of" his employment. Though that exact language may not be used in the complaint, yet the allegations therein contained that his injuries were received "in the course of his employment while working for defendant in and about said mine" and that he "was injured in the course of his duties," suffice to meet all needful requirements as to pleadings.

There is criticism that the exact date of the accident and injury is not given. The injuries were suffered, as alleged, in September and October, 1944. The proof shows the employee to be an illiterate man. He cannot read or write, and his testimony as a witness was not any too clear. His injuries were to his eyes, to a large extent caused from the glare of electric lights too close to his face, and covering a period of some time, as indicated by these dates. The fact that he could not better name the exact time is thus explained and excused. And it is clear enough, under these peculiar circumstances, he is not to be denied compensation for a failure to be more specific than the facts warranted.

That defendant was given sufficient notice in writing is undisputed. And, indeed, the proof is ample that Dill more than once called the employer's attention to the situation that was injuring his eyes, but without effect.

8

■ Upon the merits the Coal Company insists that the injuries to Dill's eyes were not due to an accident within the definition of our statute, as found in Sec. 262(i), Title 26, Code 1940, citing Birmingham Elec. Co. v. Meacham, 234 Ala. 506, 175 So. 322; Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530; Young v. Melrose Granite Co., 152 Minn. 512, 189 N.W. 426, 29 A.L.R. 506; Travelers Ins. Co. v. Shepard, 155 Fla. 576, 20 So.2d 903; Jackson v. Southern Kraft Corp., La.App., 183 So. 135; Industrial Comm. of Ohio v. Russell, 111 Ohio St. 692, 146 N. E. 305.

These authorities have been examined, but we think they are each distinguishable from the instant case. This question of "accident" within the meaning of our statute was given full discussion, with much citation of authority, in Pow v. Southern Const. Co., 235 Ala. 580, 180 So. 288, and we are of the opinion the ruling in the Pow case fully sustains the conclusion reached by the court below.

As to the facts little need be said. Dill worked at a "starting box" operated by a switch or lever, used to pull the coal cars. This starting box "blowed up," to use Dill's language. The fire would "stream up" and "if you didn't watch, the juice would knock you down." Sparks would fly out, and a small piece of copper got into Dill's eye, necessitating treatment. Dill made complaint to the "boss men" from "time to time that the switch should be fixed." It was the failure to fix the switch, as we read the record, that necessitated using what is called "nips," wires with hooks, with which Dill would touch the rather heavily charged electric wire so as to produce the necessary current. It was this character of operation that caused the electric arc so close to Dill's face as to burn his eyes.

Witness Alexander was asked: "When they had the switch, they didn't have to use the nips?" To which he replied: "No, they used the lever. Didn't have to hook it up to the naked wire." The accident of the starting box blowing was therefore the initial cause of the trouble, one doubtless which could and should have been promptly remedied. And the electric arc, to which

Dill was thus exposed as a consequence of the employer's failure to remedy the defect, was not the risk one working in that position was expected to take.

But we forego further discussion. It is clear enough there was evidence justifying the finding of the trial court upon the question of liability.

■ The court found the employee Dill sustained permanent partial disability to both eyes to the extent of twenty per cent; that he had a wife and one child eleven years old, and that his average earnings were $35 per week. There was proof sustaining these findings. It would be assumed that the lump-sum payment, as provided by Sec. 299, Title 26, Code 1940, was pursuant to the agreement of the parties (Edwards v. Doster-Northington Drug Co., 214 Ala. 640, 108 So. 862) as no objection appears to be made by petitioner on that score. The only insistence presented in brief for petitioner relates to the method of calculation of the sum due the employee. The argument for error in this respect is rested upon the contention that cases of this character—namely, permanent partial disability to both eyes, should be governed by subdiv. 6 of Par. (C), Sec. 279, Title 26, Code 1940, which reads as follows: "In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in subsection (A)."

Counsel for petitioner assumes that the case of Alabama By-Products Corporation v. Winters, 234 Ala. 566, 176 So. 183, is directly in point and decisive of this question in petitioner's favor. But we are not so persuaded. The Winters case involved the loss of one eye and injury to the other, and is to be differentiated on the facts. There is, therefore, no occasion for further discussion of that authority, though we think it appropriate to point out that the learned writer of the opinion in that case mistakenly cited Smith v. Kedney Warehouse Co., Inc., 197 Minn. 558, 267

N.W. 478, as sustaining the conclusion there reached, overlooking for the moment that on rehearing of this case, as found reported in 197 Minn. 558, 269 N.W. 633, the former opinion was disapproved in this respect and the trial court affirmed. But as we have indicated, there is no occasion here for a review of the Winters case. We merely thought it not inappropriate to call attention to this inaccuracy.

Upon consideration we are not persuaded that the method of calculation for compensation in this case is to be governed by (C) 6 set out above. In (E) of Sec. 279, Title 26, Code 1940, is the provision that the total and permanent loss of the sight of both eyes constitutes permanent total disability, and in (D) of the same section the method of compensation for permanent total disability is prescribed, and in (C)3 of the same section is the provision that in case of permanent disability due to injury to a member resulting in less than total loss of use of such member, not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss, or total loss of use of the respective member, which the extent of the injury to the member bears to its total loss. This question of percentage as thus prescribed was treated in Ex parte Diniaco & Bros., 207 Ala. 685, 93 So. 388, and re-affirmed in Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377.

We are, therefore, of the opinion that the compensation for the 20% loss of both eyes which the court has found was suffered by the employee in the instant case is to be governed by the provisions of (D) and (C) 3 of Sec. 279, considered in connection, of course, with (E), and with the authorities just noted. So considered, we find that the compensation to be awarded would be something in excess of the amount awarded by the judgment in this case. There are no cross-assignments of error and no insistence by the employee that he was entitled to more. The method of calculation, therefore, by the trial court, if erroneous, cannot be said to have worked injury to this petitioner.

Upon due consideration, we are of the opinion that the judgment rendered is due to be affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.