38 So.2d 18
**TENNESSEE COAL, IRON & R. R. CO. v.
LONG.**

6 Div. 805.

Supreme Court of Alabama.

Dec. 23, 1948.

Ross, Ross & Ross, of Bessemer, and Wm. Henry Beatty, of Birmingham, for appellant.

Lipscomb & Brobston, Bumgardner, Saunders & Hawkins and W. E. Brobston, all of Bessemer, for appellee.

FOSTER, Justice.

This is a workmen's compensation case, in which the trial court found that the employee sustained an injury in the course of his employment, and arising out of it, in which he lost entirely the use of his left eye, and twenty percent of his right eye. There was evidence to sustain that finding also of actual knowledge of it, as required by law. This being on certiorari, we do not review the weight of the evidence.

So that we reach the question of the amount of compensation payable under those circumstances. The trial court applied the formula set out in section 279, subd. C, par. 6, Title 26, Code. That formula was applied to the instant situation in our case of Alabama By-Products Corp. v. Winters, 234 Ala. 566, 176 So. 183. In our later case of consolidated Coal Co. v. Dill, 248 Ala. 5, 26 So.2d 88, the disability was for the loss of a percentage of the normal sight in both eyes. The Court did not follow the Winters case, supra, since there was a distinction pointed out.

Counsel for both parties on this appeal seem to argue on the basis of the formula declared in the Dill case, supra. But we think that the Winters case, supra, is controlling and should not be changed.

The trial court found that the total loss of the sight of one eye and the loss of twenty percent of that of the other disabled him to earn anything in his partially disabled condition; and allowed him the sum of $18.00 weekly, since his average earnings had exceeded that, and allowed it for a period of three hundred weeks, as fixed in section 279, subd. A, to which, subd. C, par. 6 refers, Title 26, Code.

Appellant contends that it should have been computed under section 279, subd. D, par. 1, Title 26, Code, which would be the percentage of the loss of his vision by reason of the total loss of one eye, and twenty percent of the other, or that he

lost by the accident sixty percent of his vision. And therefore under subd. C, par. 3, section 279, Title 26, Code, the computation should be under, subd. D, par. 1, supra, $18.00 per week for sixty percent of four hundred weeks, or two hundred and forty weeks, and $5.00 per week for sixty percent of one hundred and fifty weeks, or ninety weeks. This is contrary to the Winters case, supra.

Appellee complains that the court erred in using the formula set out in, subd. C, par. 6, supra, and should use the formula which appellant suggests, except that in doing so he should not apply, subd. C, par. 3, for the partial loss of the use of his eyes, but that since the court found that he was unable to earn anything in his partially disabled condition, there was a permanent total disability as defined in subdivision E of section 279, supra. But there was not a loss of the sight of both eyes, nor of both arms at the shoulder, nor complete and permanent paralysis, nor total and permanent loss of mental faculties. So that if we assume that the finding of inability to earn anything is the same as a finding of total incapacity to work, as set out in subdivision E, supra, such incapacity must result from one of the causes enumerated in that provision. Whereas the employee did not suffer any of such conditions.

It is also noted that inability to earn anything as in subd. C, par. 6, supra, may result from inability to find employment which he was capable of performing, though he was capable of doing a limited amount of work for hire, if he could get it. Alabama-By-Products Co. v. Landgraff, 248 Ala. 253(7), 27 So.2d 215.

■ Therefore, a finding that he was unable to earn anything is not a finding that he was incapacitated from working at an occupation which would bring him an income. We think the compensation was properly computed by the trial court.

Affirmed.

BROWN, LIVINGSTON, LAWSON and STAKELY, JJ., concur.