42 So.2d 6

### SWIFT & CO. v. ROLLING.
### 3 Div. 522.

Supreme Court of Alabama.
May 19, 1949.

Rehearing Denied July 15, 1949.

Azar & Campbell, of Montgomery, for appellee.

Steiner, Crum & Weil and Sam Rice Baker, of Montgomery, for appellant.

538

**SIMPSON, Justice.**

This case comes here by a writ of certiorari to review a judgment of the circuit court awarding the plaintiff, Rolling, an injured employee of the petitioner (defendant below), compensation under the Workmen's Compensation Law.

The record has had our careful study. We find no error to reverse and, accordingly, the judgment will be ordered affirmed.

It may be conceded that the allegation of notice or knowledge of the injury might not have been sufficient against the asserted demurrer if in a regular civil action where precise rules of pleading prevail, but in proceedings of this character compliance with technical rules of pleading is not required. Consolidated Coal Co. v. Dill, 248 Ala. 5, 26 So.2d 88; Nashville Bridge Co. v. Honeycutt, 246 Ala. 319, 20 So.2d 591; Sloss-Sheffield Steel & Iron Co. v. Keefe, 216 Ala. 379, 113 So. 400.

The essence of the insistence as regards notice is that § 294, Title 26, Code 1940, was not complied with and plaintiff is barred of recovery because he failed to give notice and the employer had no actual knowledge of the injury "within five days after the occurrence of [the] accident" and no showing is made that he "had been prevented from doing so [giving notice] by reason of physical or mental incapacity, other than minority, or fraud or deceit, or

equal good reason." § 294, Title 26, Code. 1940. The evidence is substantial that the accident from which the employee suffered injury occurred under the eye of the defendant's superintendant or foreman, and in our view this sufficed without the injured employee giving the written notice within five days thereafter. We have said that the written notice required by the statute is not necessary where the employer has acual knowledge and that status prevails here.

The petitioner argues that, though the employer did have actual knowledge of the occurrence of the accident from which the injury resulted, it had no knowledge or notice within the five-day period prescribed in the statute that the plaintiff had actually been injured as a result of the accident and that, therefore, he is barred of recovery by reason of said § 294. The contention cannot be sustained. The Workmen's Compensation Act is to be liberally construed in favor of the employee and our view is that where, as here, the employer had actual knowledge that an accident has occurred to an employee in the course of his employment, from which, after the lapse of the five-day period, an injury does result, this is sufficient actual knowledge under the statute, providing the employer has actual notice or knowledge of such injury within the ninety-day period. It would be sophistical to hold otherwise, since the statute does not require the employer to have notice of the consequences of an accident when the employer or his alter ego is present and a witness thereto. The record clearly reflects a very "good reason" why the employer did not receive notice of the plaintiff's actual injury within the five-day period and that is that it is uncertain whether or not it became known that the serious eye injury had manifested itself within five days from the time of the accident.

The other contention for error is that the compensation award should have been determined on whether or not the employee had suffered a decrease in earning power. This contention must also be rejected. The lower court, on legally sufficient evidence, determined that the plaintiff

had permanently lost his vision in his right eye to the extent of seventy-five per cent, which was a permanently disabling injury. Compensation, then, is regulated by subdivision C, paragraph 3, § 279, Title 26, Code 1940, and not by subdivision C, par. 6, as contended by petitioner. The pertinent provision of the Code section reads:

"(C) 1.  Permanent Partial Disability.

"For permanent partial disability the compensation shall be based upon the extent of such disability. In cases included in the following schedule the compensation shall be fifty-five percent of the average weekly earnings, during the number of weeks set out in the following schedule:

*   *   *   *   *   *

"For the loss of an eye, one hundred weeks.

*   *   *   *   *   *

"3.  Loss of use of a member.

"In all cases the permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation in and by said schedule shall be in lieu of all other compensation. In case of permanent disability, due to injury to a member resulting in less than total loss of use of such member, not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of the injury to the member bears to its total loss."

The petitioner argues that the computation is controlled by subdivision C, par. 6, which provides that:

"6.  All other permanent partial.

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in subsection (A)."

This latter clause, subd. C, par. 6, however, does not regulate the compensation award for the loss or permanent disabling injury of an eye. It was so held in the Dill case, supra. An eye is included in the schedule as "a member" and was so construed in the Dill case. Thus, when the schedule has prescribed the compensation to be paid for the loss of a member, subdivision C, par. 3 controls and determines the compensation due for such loss, and that provision also controls and determines the compensation to be paid for its partial loss.

A provision similar to subdivision C, par. 6 was considered in the Minnesota case, Chiovitte v. Zenith Furnace Co. 148 Minn. 277, 181 N.W. 643, 645, and, coming to the same conclusion here attained, it was there observed:

"The clause [Ala., subd. C, par. 6] on which defendant relies is placed at the end of the provisions relating to partial disability, apparently as a sort of catch-all to cover those cases which otherwise might be omitted, and by its terms applies only to those cases not before enumerated.

"The compensation for the loss of one eye is a specified weekly payment for a period of 100 weeks. Plaintiff lost 68 per centum of the sight of one eye and therefore became entitled to the specified weekly payment for a period of 68 weeks. *   *   *"

█ It is to be noticed that this last-cited Minnesota case is in all respects identical with the case at bar where the employee suffered a disability, partial and permanent, to an eye and the conclusion there reached was that a section of the Minnesota law similar to our subdivision C, par. 3 was the formula to be used in determining the amount of the employee's compensation. Our statute in material respects was modeled after that of Minnesota and we have many times observed that the settled construction of the Supreme Court of that state is "persuasive that our Legislature intended to adopt it as construed in the jurisdiction from which it was borrowed." Alabama By-Products Corp. v. Winters, 234 Ala. 566, 567(3), 176 So. 183, 184. See also Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377. We also think that sound reason imports such a construction and, indeed, that logical deduction admits of no other.

540

Some argument is made about the weight of evidence. In this class of cases this court will not give concern to the point. The finding of the trial court will not be challenged where there is legal evidence to support it. Sloss-Sheffield Steel & Iron Co. v. Keefe, supra; H. C. Price Co. v. Lee, 249 Ala. 230, 30 So.2d 579.

Affirmed.

BROWN, LIVINGSTON and STAKELY, JJ., concur.

On Rehearing.

PER CURIAM.

Perhaps we did not make clear our view as regards the allegational deficiencies of the complaint.

The finding of the trial court on ample evidence shows that the defendant's superintendent saw and knew of the accident when it occurred and had knowledge of the resulting injury as soon as it manifested itself, and within the ninety-day period. This was sufficient to bring the right of recovery within the principles announced in such cases as Virginia-Carolina Chemical Co. v. Cherry, 233 Ala. 582, 173 So. 86, and Ex parte Stith Coal Co., 213 Ala. 399(2), 104 So. 756. In fact the Cherry case presents a factual situation much the same as here.

Assuming, therefore, that the complaint was lacking in failing to aver knowledge or written notice within the prescriptive period of the statute, it clearly appears that the defendant did have actual knowledge as contemplated by the rule of our cases within the prescribed time, so we do not think the judgment should be reversed under such a situation. Authoritative analogy is furnished in the cases of Southern Ry. Co. v. Dickson, 211 Ala. 481(4), 100 So. 665, and Best Park & Amusement Co. v. Rollins, 192 Ala. 534(2), 68 So. 417, Ann.Cas.1917D, 929.

Application for rehearing overruled and opinion extended.

All the Justices concur except GARDNER, C. J., not sitting.