97 So.2d 899

UNITED STATES STEEL CORPORATION

v.

Nannie H. BAKER, as Administratrix.

6 Div. 96.

Supreme Court of Alabama.

Oct. 31, 1957.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellee.

Burr, McKamy, Moore & Thomas, Birmingham, for appellant.

GOODWYN, Justice.

This is a workmen's compensation case. It is here on certiorari from the circuit court of Jefferson County, Bessemer Division.

The parties have stipulated as follows: While the plaintiff's intestate was employed in defendant's mine, he sustained a compensable accident resulting in a 35% perma-

nent partial disability from silicosis. Under a court-approved settlement the employer agreed to pay the employee $18.85 a week for 300 weeks making a total claim of $5,-646. Payments of compensation were made from the date of the employee's injury in December, 1954, until his death on September 4, 1955. It is agreed that the employee's death had no relation to his injury. The employer refused to make further payments after the death of the employee. The plaintiff in this case is the employee's dependent widow and the administratrix of his estate. She instituted this proceeding to require the employer to pay to her husband's estate the unpaid weekly installments under the settlement agreement which would have been paid to her husband if he had remained alive.

■ Both parties agree that a single question of law, of first impression in Alabama, is presented. That question is whether or not, under the law of Alabama as it existed on September 4, 1955, the unmatured installments payable under a court-approved workmen's compensation settlement agreement (Code 1940, Tit. 26, § 278, as amended by Act No. 661, § 3, appvd. July 10, 1940, Gen.Acts 1939, p. 1036) between an employer and an employee, whereby the employer agrees to pay the employee compensation for a permanent partial disability, survive the employee's death and pass to his estate or dependents when his death results from a cause not connected with the injury giving rise to the compensation agreed upon.

The problem is one of statutory construction and effect.

Although we have held that the Workmen's Compensation Act should be liberally construed to the end that its beneficent objects may be advanced (Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 61, 68 So.2d 21; Hamilton Motor Co. v. Cooner, 254 Ala. 422, 426, 47 So.2d 270; Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 169, 149 So. 74) we have also held that it should not be extended beyond its legitimate scope and contrary to the clear legislative purpose and intent (Nichols v. St. Louis & S. F. R. Co., 227 Ala. 592, 594, 151 So. 347, 90 A.L.R. 842; Birmingham Post Co. v. Sturgeon, supra). A careful analysis and consideration of the provisions of the Act, as it existed on September 4, 1955, (which controls in this case), convinces us that the legislative intent was to limit payment of installments of a compensation award to those falling due during the lifetime of the employee, and that installments accruing after his death do not survive in favor of his personal representative or his widow and dependent children. This, of course, applies in a case where the employee's death is from a cause unconnected with the injury for which compensation has been awarded. Provision is made for payment of compensation to the widow and dependent children where the employee's death is attributable to the injury made the basis of the award. Sections 279 (F) and 283, Tit. 26, Code 1940, as amended by Act No. 563, appvd. Aug. 29, 1951, effective Oct. 28, 1951, Acts 1951, p. 978.

We proceed to a discussion of pertinent provisions of the Act which we think clearly show the legislative intent, viz.:

Section 279, Tit. 26, Code 1940, as amended supra (the law existing on September 4, 1955; however, it was further amended by Act No. 355, appvd. Sept. 7, 1955, Acts 1955, p. 855, to which reference will be made hereinafter), prescribes the schedules for compensation. Schedule (A) covers "Temporary Total Disability" and provides for maximum and minimum weekly payments. It also contains the following provisions: "This compensation shall be paid during the time of such disability, not, however, beyond three hundred weeks. Payments are to be made at the intervals when the earnings were payable, as nearly as may be."

Schedule (B) prescribes compensation payable for "Temporary Partial Disability" and contains in subdiv. 1 the following provision: "This compensation shall be paid during the period of such disability, not,

however, beyond three hundred weeks, payments to be made at the intervals when the earnings were payable, as nearly as may be, and subject to the same maximum as stated in subsection (A)."

Schedule (C) provides for compensation in case of "Permanent Partial Disability". Subdiv. 1 provides that "for permanent partial disability the compensation shall be based upon the extent of such disability." It also prescribes the compensation payable for the loss of members of the body and for a "serious disfigurement, not resulting from the loss of a member or other injury specifically compensated, materially affecting the employability of the injured person." Subdiv. 6 provides that "in all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in subsection (A)." The award of compensation to the employee in the case before us was under this subdivision. Subdiv. 7 provides that "*compensation shall continue during disability,* not however, beyond three hundred weeks." (This obviously has reference to cases of permanent partial disability under subdiv. 6, for under subdiv. 1 provision is made for payment during four hundred weeks. See also, the original Workmen's Compensation Act, appvd. Aug. 23, 1919, effective Jan. 1, 1920, Gen.Acts 1919, p. 206, subsec. (c), on page 214, where the location of this provision in the Act makes its meaning clear.)

Schedule (D) covers "Permanent Total Disability". It provides in subdiv. 1 that compensation therefor "*shall be paid during such permanent total disability,* not exceeding five hundred and fifty weeks * * *; payment to be made at the intervals when the earnings were payable, as nearly as may be" and that "such payments, with the approval of the circuit judge, may be monthly or quarterly". Subdiv. 2 provides that where "an employee, who is permanently

and totally disabled becomes an inmate of a public institution, then no compensation shall be payable unless he has wholly dependent on him for support a person or persons named in sections 280 and 281 of this title, whose dependency shall be determined as if the employee were deceased, in which case the compensation * * * shall be paid for the benefit of such person so dependent, during dependency, in the manner ordered by the court, while the employee is an inmate in such institution."

Schedule (E) defines "Permanent Total Disability". Subdiv. 3 fixes the amount of compensation for such disability other than as defined in Schedule (E) and provides that "*this compensation shall be paid during the period of such permanent disability* not exceeding four hundred weeks; payments to be made at the intervals when the earnings were payable as nearly as may be", and, "with the consent of the circuit judge, may be made monthly or quarterly."

Schedule (F) provides for "Compensation for Death after Disability" as follows: "In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and *during the period of disability* caused thereby death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death." This schedule was amended by Act No. 355, appvd. and effective on September 7, 1955, Acts 1955, p. 855, by adding the following paragraph:

"If a workman has sustained a permanent disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, his widow and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman."

It is to be noted that Act No. 355 became law after the employee's death on September 4, 1955. Hence the amendment has

no bearing on this case except such relevancy as it may have in determining the intent of the legislature with respect to the Workmen's Compensation Act as it existed prior to the amendment. Appellee argues that the amendment simply had the effect of intercepting the balance of the judgment in favor of the "widow and/or dependent children" instead of said balance going to the deceased employee's personal representative. In other words, the amendment should not be taken as a legislative recognition that there was no right of survivorship in the unpaid balance prior to the amendment but rather that its purpose was to take away an already existing survivorship in favor of the personal representative and give it to the widow and dependent children. This argument necessarily presupposes a legislative intent, in the absence of such amendment, that unaccrued installments of an award survive in favor of the personal representative. We are unable to agree with this interpretation of the Act.

Schedule (G) provides that average weekly earnings shall be the basis of benefits.

Schedule (H) prescribes a percentage increase for a dependent wife and dependent child or children and provides that such increase *shall be paid only during the dependency of the dependent* upon whom such increase is based."

Section 283, as amended by Act No. 563, § 2, appvd. Aug. 29, 1951, effective Oct. 28, 1951, Acts 1951, p. 978 (also amended by Act No. 356, appvd. Sept. 7, 1955, Acts 1955, p. 864, and by Act No. 338, appvd. Aug. 21, 1957, but the changes made have no significance in this case), provides for compensation to dependents of an employee where his death "results proximately from the accident within three years." Subsection A, par. 11, is as follows:

"If compensation is being paid under this article to any dependent, such compensation shall cease upon the death or marriage of such dependent, unless otherwise provided in this article.

"Upon the cessation of compensation to or for any dependent, for any cause, the compensation of the remaining dependents entitled to compensation shall, for the unexpired period during which their compensation is payable, be that which would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased employee."

Subsection B of § 283, as amended, prescribes the maximum and minimum death compensation and provides that "this compensation shall be paid during dependency, not exceeding three hundred weeks, payments to be made at the intervals when the earnings were payable, as nearly as may be."

Section 284, as amended by Act No. 661, § 4, appvd. July 10, 1940, effective January 1, 1941, Gen.Acts 1939, pp. 1036, 1037, provides that "in case of remarriage of a widow of an employee who had dependent children, the unpaid balance of compensation, which would otherwise become due her, shall be paid to such children", or to some other person designated by the court for the use and benefit of such children.

Section 286 provides that compensation to children is limited to those "under eighteen years of age, or those over eighteen years of age, who are physically or mentally incapacitated from earning"; and it is provided that the former are to "receive compensation only during the time they are under eighteen, the latter for the time they are so incapacitated, within the period of three hundred weeks."

Section 290 provides that compensation being paid to a dependent "shall cease upon the death or marriage of such dependent."

■ Section 297 provides for submission to the circuit court of a controversy with respect to the right to compensation.

In this connection see § 278, as amended by Act No. 661, § 3, appvd. July 10, 1940, effective Jan. 1, 1941, Gen.Acts 1939, pp. 1036, 1037, which provides for settlements between the parties and contains the following provision: "Upon such settlements being approved, judgment shall be rendered thereon and duly entered on the records of said court in the same manner and to have the same effect as other judgments or *as an award if the settlement is not for a lump sum.*" This seems to us to be a clear legislative purpose to make a distinction between the effect of a lump sum award and an award payable in installments. Thus, when there is a lump sum award it has the same effect as the usual judgment for money, that is, it becomes vested on rendition of the judgment just as would be the situation if all compensation installments to which an employee is entitled shall have accrued at the time of an award. See Goodyear Tire & Rubber Company of Alabama v. Downey, Ala., 96 So.2d 278, 287(8).[1] In such cases the awards are vested and not subject to the contingencies prescribed by the Act when payment is made in installments.

As bearing on the question before us, it should be noted that the provisions of § 284, as amended, supra, and §§ 286 and 290 clearly indicate that future-due installments of an award do not become vested in the dependent-payee. It is noteworthy, too, that all of the provisions of the Workmen's Compensation Act with reference to payment of an award to dependents in installments are to the effect that such payments continue only so long as the widow and children are dependent. In other words, the widow, on remarriage or death, ceases to be a dependent; a child, on reaching the age of eighteen years (if not physically or mentally incapacitated from earning, §§ 280, 286, Tit. 26) or dying, ceases to be a dependent. It seems to us that the provisions of the Act itself manifest a clear legislative intent that the right of dependents to accruing installments continue only during dependency. Although this is not the question before us it is relevant in determining the overall legislative purpose and scheme.

Section 299, as amended by Act No. 36, § 8, appvd. June 2, 1949, Acts 1949, p. 47, provides for commuting of periodic payments to one or more lump sum payments. (This section was also amended by Act No. 335, appvd. Aug. 20, 1957, but the amendment is of no significance here.) This section has consistently been construed as requiring the agreement of the parties in order for a lump sum payment to be made. Edwards v. Doster-Northington Drug Co., 214 Ala. 640, 108 So. 862; County Coal Co. of Alabama v. Bush, 215 Ala. 25, 109 So. 151; Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228. In other words, if the employer and employee agree to a lump sum payment, and such payment is approved by the court, the obvious inference to be drawn is that the right thereto becomes vested in the employee; this because, by commuting, all installments are made presently due. On the other hand, if there is no commutation, the logical inference is that only those installments accruing during the employee's lifetime become vested in him. What happens to unaccrued installments when the employee's death results proximately from the compensated injury is specifically provided for in §§ 279(F) and 283, Tit. 26, as amended, supra. But no provision is made for anyone to get any interest in unaccrued installments when the employee's death is from a cause unconnected with such injury. Moreover, it is specifically provided that compensation shall be paid only during disability (§ 279, Tit. 26, as amended, supra) except, of course, where death results from the compensated injury. On the death of an employee compensation being paid him by installments comes to an end unless his death results proximately from the injury for which compensation is being paid.

1. Ante, p. 344.

Section 300 provides as follows:

"All amounts paid by the employer and received by the employee or his dependents under settlements made under section 278 of this title shall be final; but the amount of any award payable periodically for more than six months may be modified as follows:

"At any time by agreement of the parties, and approved by the court.

"If the parties cannot agree, then at any time after six months from the date of the award, an application may be made to the court by either party on the ground of increase or decrease of incapacity due solely to the injury. In such case, the same procedure shall be followed as in section 304 of this title, in case of disputed claim for compensation."

In view of the provision there made for modifying an award, how can it be said, with good reason, that installments falling due after an employee's death become so fixed and finally determined as to survive in favor of his personal representative or dependents? When an employee's death results proximately from the accident there is, as already noted, express provision for payment of compensation to his dependents (§ 283, as amended, supra), it being further provided that "all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death" (§ 279(F), as amended by Act No. 563, appvd. Aug. 29, 1951, effective Oct. 28, 1951, Acts 1951, p. 978, supra). There is no corresponding provision for continuing the payment of unaccrued installments when the employee's death is not attributable to the injury.

Section 301, as amended by Act No. 36, § 9, appvd. June 2, 1949, Acts 1499, p. 47, provides, in pertinent part, as follows:

"At any time after the amount of any award has been agreed upon by the parties, or found and ordered by the court, a sum equal to the present value of all future installments of compensation calculated on a four percent basis, may, where death or the nature of the injury renders the amount of future payments certain, by leave of court, be paid by the employer to any savings bank or trust company of this state, or any national bank doing business in this state to be approved and designated by the court, and such sum, together with all interest thereon, shall thereafter be held in trust for the employee or dependents of the employee, who shall have no further recourse against the employer. The payment of such sum by the employer, * * * shall operate as a satisfaction of said award as to the employer, * * *. Payments from said fund shall be made by the trustee in the same amounts and at the same time as are herein required of the employer until said fund, after deducting trustee's compensation as above provided, and interest shall be exhausted. * * * In the event the right to receive compensation should terminate on account of death, becoming of age, or marriage, or for any other cause as provided in this chapter, the balance remaining in said bank or trust company after such termination should be returned by them to the employer, his successor or assigns."

The last clause, it seems to us, significantly provides, in effect, that installments of an award to an employee, handled under said section, which have not accrued at the time of the employee's death shall be returned to the employer.

■ Appellee directs attention to §§ 306, 307 and 308 as showing a legislative intent that an award of compensation is, in effect, the same as any other judgment. Although these sections refer to an award of compensation as a judgment we are unable to agree that they should be construed as over-riding the other provisions of the Act clearly showing, we think, that an

award of compensation is limited to the injured employee during his lifetime (except when an inmate of a public institution, § 279(D) 2, as amended, supra) and, at his death, to his dependents, who are entitled to compensation only when his death results proximately from a compensable injury.

Although there are differences between the Minnesota and Alabama Workmen's Compensation Laws, we have recognized that our law in material respects was modeled after that of Minnesota, M.S.A. § 176.01 et seq. Swift & Co. v. Rolling, 252 Ala. 536, 539, 42 So.2d 6; Alabama By-Products Corporation v. Winters, 234 Ala. 566, 569, 176 So. 183. The Supreme Court of that state, in Tierney v. Tierney & Co., 176 Minn. 464, 465–467, 223 N.W. 773, 774, held that where an employee, who had been awarded compensation at a specified sum per week for a period of 100 weeks, as the result of an accidental injury, died 13 weeks after the allowance was made from a cause other than the injury, his wife, who was wholly dependent upon him, was his sole heir, and was appointed special administratrix of his estate, was not, in any of these capacities, entitled to the weekly compensation for the remainder of the period during which her husband would have been entitled thereto, had he lived. It seems to us that the reasoning in that case is significantly applicable here, viz.:

"The statute creates two distinct rights—one for the benefit of the workman; the other for the benefit of his dependents. To the workman it gives compensation for disability caused by injuries sustained while in the performance of his duties. This is intended as compensation to him for loss of earnings. To his dependents it gives compensation for his death if caused by the injury. This is intended as compensation for loss of the support which they would have received from him if he had lived. Dependents are given no rights except where death results from the injury. State ex rel. Carlson v. District Court, 131 Minn. 96, 154 N.W. 661. As the death of Mr. Tierney did not result from the injury, it is conceded that the relator has no claim under the provision for dependents.

"The question presented is whether the right of a workman to receive a specified amount weekly for a specified period as compensation for an injury terminates at his death, where he dies before the expiration of the period from causes other than the injury, or whether it survives for the benefit of either his estate or his dependents. The statute makes no specific provision for such a case, and the question has not previously been presented to this court. However it has been before other courts frequently, and the cases in which it has been considered are collected in annotations found in 15 A. L.R. 821, 24 A.L.R. 441, 29 A.L.R. 1426, and 51 A.L.R. 1446. [Also, 95 A.L.R. 254.]

"The decisions are apparently conflicting, but the apparent conflict is due mainly to differences in the provisions of the various statutes. Those holding that the right survives are usually based on some special provision of a particular statute. The majority of courts hold that the compensation provided for by such statutes is for the benefit of the workman and his dependents as compensation for loss of wages, and is not intended for the benefit of heirs or creditors, and does not survive the death of the beneficiary as an asset of his estate in the absence of a provision indicating that such was the legislative intention. While they hold that the beneficiary has a vested right in the instalments which became due and payable in his lifetime, and that such instalments, if unpaid, belong to his estate and may be recovered by the representative of the estate, they also hold that he has no vested right in instalments to accrue in the future, and that all rights as to such instalments terminate at his death.

"Among the reasons assigned for their conclusions are: That the right is purely statutory and does not extend beyond the life of the beneficiary unless the statute so provides; that the right being nonassignable, does not survive to others at death; that it grew out of the contract of employment, is in lieu of wages, is personal like the contract of employment, and is terminated by death, as that would have terminated the contract out of which it grew; that it is intended for the personal benefit of the beneficiary, and is not a vested right nor transmissible to others; and that, the statute having specified the rights granted to dependents, they possess only those so specified.

"We think that our statute indicates clearly that the Legislature contemplated and intended that the compensation granted to an injured workman should terminate at his death. It provides for compensation to him for the loss resulting to him from the injury, and this provision is entirely separate and distinct from the provision made for his dependents where the injury results in his death.  *  *  *

*   *   *   *   *   *
"Provision is made for dependents in the event that death results from the injury, but only in that event. No provision is made for them where death results from other causes. Where a workman dies from the injury while receiving compensation, his dependents are entitled to compensation for his death, but are only entitled to the amount by which the allowance to dependents exceeds the amount which had accrued to the workman prior to his death. If, where he dies from other causes, his dependents are entitled to the compensation which would have accrued to him in the future if he had lived, they would receive a larger amount where he dies from other causes than where he dies from the injury.

We cannot impute such an intention to the Legislature. The fact, that where the workman dies from the injury while receiving compensation for it, his dependents are not permitted to receive the unaccrued compensation to which he would have been entitled if he had lived, precludes any inference of an intention to permit them to receive such unaccrued compensation where he died from other causes. The fact that the statute expressly provides for the disposition to be made of the compensation which had accrued prior to his death, but makes no provision for that to accrue thereafter, also indicates that the Legislature did not intend to give any rights to others in such unaccrued compensation."

The Supreme Court of Mississippi, in M. T. Reed Const. Co. v. Martin, 215 Miss. 472, 61 So.2d 300, 63 So.2d 528, 531–532, had this to say:

"*  *  *  Has the appellee a vested property right in the award which can survive in favor of his heirs, or will the weekly benefits terminate upon his death? There is no provision in our workmen's compensation law vesting in a claimant a property right in an award such as was made in this case which can survive in favor of his heirs. On the contrary, the act provides payment to the 'employee' and defines compensation as the 'money allowance payable to an injured worker'. Further, it is the general rule adhered to in most jurisdictions that no such property right is vested in the claimant to the entire award in the absence of a provision in the act to the contrary. The rule is stated in Larson's Workmen's Compensation Law, Vol. 2, pages 51–53, as follows:

" 'In the opening portion of the book, it was pointed out that one of the features · distinguishing a compensation award from a tort recovery is the absence of any property right in an award which can survive in favor of

heirs. The problem most frequently arises in connection with schedule or other permanent partial awards, when an employee who has been awarded, say, 312 weeks' benefits for loss of an arm dies at the end of 12 weeks. In the absence of a special statute to the contrary, it has been held in most jurisdictions that his heirs have no claim upon the unaccrued 300 weeks' payments, since the award is a personal one, based upon the employee's need for a substitute for his lost wages and earning capacity.'

"We think that the foregoing rule is sound and that its application is in furtherance of the purpose of the workmen's compensation law to provide a substitute for lost wages and earning capacity. We are of the opinion, therefore, that under our workmen's compensation law, the appellee has no vested right in the entire award made to him which can survive in favor of his heirs. The judgment must be construed in the light of appellee's rights under our workmen's compensation law, and when so construed, the amount of the award can not be said to be a fixed sum except as to the accrued and unpaid weekly installments. It is otherwise an award which terminates upon his death, a contingency indeterminate in point of time. * * *"

The following from 58 Am.Jur., Workmen's Compensation, §§ 577, 578 and 579, pp. 931–932, is also pertinent, viz.:

"§ 577. Generally.—Questions as to whether the right to receive the compensation prescribed by the statute is purely personal and extinguished by the death of the beneficiary, or whether the right survives in favor of his heirs, next of kin, or creditors, are questions of statutory construction and effect, and different conclusions have been reached, due, in part at least, to differences in the provisions of particular statutes. The survival of the right to compensation is dependent, in most ju-

risdictions, upon whether such compensation had become due and payable at the time of the death of the beneficiary.

"§ 578. Accrued Payments or Instalments.—It is generally held that instalments of workmen's compensation which were due, but unpaid, at the time of the death of the beneficiary constitute assets of his estate, in the absence of any provision to the contrary. * *

"§ 579. Unaccrued Payments or Instalments.—In a majority of the jurisdictions in which the question has been the subject of judicial investigation it has been concluded that upon the death of the beneficiary all obligation of the employer or insurer to pay future instalments of compensation ceases, and that the personal representative of the beneficiary has no right to any instalments not then due and payable. This holding is, in some instances, based upon express provisions of the compensation statute. In some jurisdictions, however, the courts have reached the conclusion that an award of compensation vests in the beneficiary a right to the whole of the sum prescribed as compensation, so that in case of death his or her personal representative is entitled to the balance, if any, then remaining unpaid. This holding is based, in some instances, upon express statutory provisions. * * *"

Without doing some legislating on the subject, we see no escape from the conclusion that an award of compensation to an employee made payable in installments is unenforceable as to installments accruing after an employee's death, when his death results from a cause in no way connected with the injury upon which the award was based. We are at the conclusion, therefore, that the judgment of the trial court was laid in error and is due to be reversed. It is so ordered.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.