103 So.2d 717

**WOODWARD IRON COMPANY**

v.

**Pauline HORTON, as Administratrix.**

**6 Div. 132.**

Supreme Court of Alabama.

June 5, 1958.

B. J. Dryer, Woodward, for appellant.

Frank Marsh, Bessemer, for appellee.

SIMPSON, Justice.

This is a Workmen's Compensation case.

The case was submitted on an agreed statement of facts which show that on December 6, 1952, V. C. Horton was injured by an accident arising out of and in the course of his employment by Woodward Iron Co. which resulted in the amputation of the left leg above the knee. Pursuant to the provisions of the Workmen's Compensation Law (Title 26, Section 279(C)1, Ala. Code, 1940.) Woodward Iron Co. paid to V. C. Horton $23 per week from the date of his injury to the date of his death (death from causes other than the accident). Horton left surviving him his dependent widow, Pauline Horton, who is also the administratrix of his estate.

The pertinent provisions of Section 279 (C)1, Title 26 are as follows:

"(C)1. Permanent Partial Disability.

"For permanent partial disability the compensation shall be based upon the extent of such disability. In cases included in the following schedule the compensation shall be fifty-five percent the number of weeks set out in the following schedule: * * * For the loss of a leg, one hundred and seventy-five weeks. * * *"

The decedent, therefore, had he continued to live, would have been entitled to $23 a week for a period of one hundred and seventy-five weeks or a total of $4,025. The total amount of the payments accrued and paid to V. C. Horton, from the date of his injury to the date of his death, on April 30, 1954, was $1,652.71. Pauline Horton, as administratrix and dependent widow of the decedent, seeks to recover the amount of the payments unaccrued at his death, e. g., $2,372.29. The trial court entered a judgment for said amount in her favor and writ of certiorari was issued to review that judgment.

The question posed by this appeal is: Are the payments of compensation for a disability under the provisions of § 279(C)1,

Title 26, Alabama Code, 1940, as amended, which payments are unaccrued at the time of the death of the employee, resulting from causes not connected with the injury for which compensation is being paid, heritable or descendable to the dependents or personal representative of the employee when the injury occurred prior to the amendment of Title 26, § 279(F) which was approved on September 7, 1955?

Section 279(F), Title 26, prior to the amendment reads:

"(F) Compensation for Death after Disability.

"In case a workman sustained an injury occasioned by an accident arising out of and in the course of his employment and during the period of disability caused thereby death results proximately therefrom, all payments previously made as compensation for such injury shall be deducted from the compensation, if any, due on account of death."

The amendment added:

"If a workman has sustained a permanent disability, the degree of which has been agreed upon by the parties or has been ascertained by the court, and death results not proximately therefrom, his widow and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman."

In United States Steel Corp. v. Baker, 266 Ala. 538, 97 So.2d 899, this Court held that under the law of Alabama as it existed prior to the amendment of § 279(F), Title 26, Ala.Code, 1940, the unmatured installments payable under a court-approved workmen's compensation settlement between an employer and an employee, whereby the employer agrees to pay the employee compensation for a permanent partial disability, do not survive the employee's death or pass to his estate or dependents when his death results from a cause not connected with the injury giving rise to the compensation agreed upon. The award of compensation to the employee in the United States

Steel Corp. case, supra, was under the provisions of Subdiv. (C)6, § 279, Title 26, which reads as follows:

"6. All other permanent partial.

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in subsection (A)."

Subdivision (C)7 of § 279 provided that "Compensation shall continue during disability, not however, beyond three hundred weeks". This Court in the United States Steel case, supra, held that Subdivision (C)7 had reference to cases of permanent partial disability under Subdivision (C)6, for under Subdivision (C)1 provision is made for payment during four hundred weeks. The provision "compensation shall continue during disability" does not, therefore, apply to awards made under the terms of Section 279(C)1.

The question thus arises as to whether an award under Section 279(C)1 which is not contingent upon the continuance of the disability is so distinguishable from an award under Section 279(C)6, which is contingent upon the continuance of the disability (as in the United States Steel Corp. case, supra) that the former award survives the death of the employee where the death results from a cause not connected with the injury.

The Court in construing the Workmen's Compensation Act should give effect to the legislative purpose and policy. Section 279(C)1, Title 26 is concerned with awards for the permanent loss of a member. The intention of the Legislature in omitting the provision "shall continue during disability" from Section 279(C)1, that is, for *a loss of a member*, seems obvious.

In Tierney v. Tierney & Co., 176 Minn. 464, 223 N.W. 773, approvingly quoted in

United States Steel Corp. v. Baker, supra, the award to the employee was not contingent upon the continuance of the disability; there did exist however under the Minnesota Workmen's Compensation Law, M.S.A. § 176.01 et seq., other classes of awards which were so contingent. The Minnesota Court held that installments to accrue in the future did not survive the death of the employee as an asset of his estate but that all rights as to such installments terminated at his death. See also M. T. Reed Construction Co. v. Martin, 215 Miss. 472, 61 So.2d 300, 63 So.2d 528 (quoted in the United States Steel Corp. case, supra); Miss. Workmen's Comp.Law, Miss.Code Ann. 1942, §§ 6998–09(c), 6998–09(b), 6998–11; United States Steel Corp. v. Baker, supra, and other authorities therein cited.

This case is not without its sympathetic appeal but we are impelled upon authority of United States Steel Corp. v. Baker, supra, to conclude that the trial court was in error in entering a judgment in favor of the respondent. The cause is reversed and rendered in favor of the petitioner, Woodward Iron Company, a corporation.

Reversed and rendered.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.