268 So.2d 843

**VULCAN MATERIALS COMPANY**

**v.**

**Mary BELCHER.**

**8 Div. 91.**

Court of Civil Appeals of Alabama.

Sept. 6, 1972.

Rehearing Denied Oct. 4, 1972.

Huie, Fernambucq & Stewart, Birmingham, for appellant.

Love, Love & Caldwell, Talladega, for appellee.

WRIGHT, Presiding Judge.

This is a case brought in the trial court under the Alabama Workmen's Compensation Law, Chapter 5, Title 26, Code of Alabama 1940, by Mary Belcher, widow of H. B. Belcher, on behalf of herself and minor children.

Certiorari was granted by this court on petition of Vulcan Materials Company, a Corporation, to review a decree of the Circuit Court of Limestone County, Alabama, awarding compensation to the widow and minor children of the deceased employee of petitioner.

There is no complaint by petitioner of the amount of the award by the trial court in the event it is found to be liable.

64

Assignment of error one is that portions of the trial court's finding of fact is not supported by legal evidence. In considering this case we will first set out the evidence as it appears undisputed.

On October 1, 1969, Belcher was employed by Vulcan Materials as an hourly worker. He had worked usually at Vulcan's plant in Huntsville, but along with two other employees, had been directed to another plant in Helena, Alabama. On October 1, 1969, it was raining in Helena and Belcher and others were directed by a superior to go to Huntsville to work the remainder of the day. There was a distance between the two plants of over one hundred miles, the distance varying several miles depending upon the route traveled. Belcher undertook the journey in his own truck. Other employees went in a company vehicle. No directions were given as to route or means of travel.

At approximately 1:45 p. m., October 1, 1969 on U.S. Highway 31 near Athens, Alabama, Belcher's vehicle veered into oncoming traffic, was struck, and Belcher died from the injuries received. The shortest and most direct route between Helena and Huntsville was by U.S. Highway 31 and Interstate Highway 65 to Decatur, then by U.S. 31 to Highway 20 (also known as Alternate Highway 72), and by Highway 20 to Huntsville. Just north of the intersection of U.S. 31 and Highway 20, U.S. 31 also intersects with U.S. 72. Said U.S. 72 also leads to the north side of Huntsville.

Belcher was killed on U.S. Highway 31 after having passed the intersection of both Highways 20 and U.S. 72. His home was in or near Ardmore, Alabama. When working at the Huntsville plant, Belcher traveled from his home in Ardmore into the plant on Highway 53.

Petitioner takes issue with the finding of fact by the trial court that the deceased was proceeding to Huntsville by way of Ardmore at the time of his death and though this route was not the shortest or most direct one, it was not so unreasonable as to be considered such a deviation as to place the deceased without the course of his employment. Petitioners contend that such finding was not founded upon legal evidence taken at the trial, but was based upon the wrongful taking of judicial knowledge of matters and conditions of traffic along the most direct route into Huntsville.

So that argument of petitioner may be made clear, we quote from the finding of the court as follows:

"The Court takes note of the fact that the City of Huntsville is the third largest city in Alabama according to the most recent census. On the south and west sides of Huntsville there is located the US Government Redstone Arsenal, National Air and Space Administration, and Marshall Space Flight Center. In connection with these installations which employed several thousand people at the time in question there were also a large number of military personnel. These are facts which the Court takes judicial knowledge of though they were not a part of the evidence. The Court is of the opinion that it is fair to say that there is much traffic congestion in the City of Huntsville, and especially when approaching the city from the south or west in the areas of the government installations mentioned above. This was true at the time in question. The evidence shows that the deceased was familiar with the city of Huntsville, as he usually worked for the defendant at the Huntsville plant. There is no evidence as to the location of the defendant's plant in the city of Huntsville. The location of a destination within a modern city has much to do with the route one would normally take in order to reach the destination. Some shorter routes are discarded for a longer route in order to avoid traffic. If the plant of the defendant was located in the north part of the city of Huntsville, or in some of the

other areas of the city accessible to the deceased without encountering a larger amount of traffic it would not have been uncommon for him to have selected the longer route in order to avoid traffic."

As a prelude to discussion of petitioner's contention, it is appropriate to observe the position to be taken by an appellate court in reviewing the findings and conclusions of the trial court in a Workmen's Compensation case.

■ The rule has been often stated that in reviewing judgments in compensation cases this court does not look to the weight of the evidence, but will determine if there is any legal evidence, or reasonable inference therefrom, to support the judgment. Simmons v. F. W. Dodge Corp., 270 Ala. 616, 120 So.2d 921; Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756.

■■ Petitioner finds no fault with the taking of judicial knowledge by the trial court of the facts that Huntsville is the third largest city in Alabama; that there is located on the south and west sides of the city Redstone Arsenal, the National Air and Space Administration, and Marshall Space Flight Center, and that at such installations large numbers of people are employed. We agree that such matters are proper subjects of judicial knowledge. Courts may take judicial knowledge of matters generally known within the limits of its jurisdiction. Coral Gables v. Patterson, 233 Ala. 602, 173 So. 4.

■ Petitioner finds extreme fault with the "opinion" or observation expressed by the court after having taken judicial knowledge of the above facts, that "it is fair to say that there is much traffic congestion in the City of Huntsville and especially when approaching the city from the south or west in the areas of the government installations mentioned above. This was true at the time in question. The evidence shows that the deceased was familiar with the City of Huntsville, as he usually worked for defendant at the Huntsville plant."

Petitioner argues that such "opinion" is an additional illegal taking of judicial knowledge. We do not agree.

Having properly taken judicial knowledge of the size of the city, the fact and location of huge government installations employing large numbers of civilian and military personnel, such matters became evidence in the case as any other fact. We consider the "opinion" as to traffic congestion in light of such facts was merely the expression by the court of a reasonable inference drawn from the evidence. The court sitting as a jury was free to draw all reasonable inferences from the evidence before it.

■ Having heard the evidence that deceased was dispatched from Helena to petitioner's plant in Huntsville without instruction as to a route to be taken or a specific time for arrival; that deceased was familiar with the route from Helena to Ardmore and thence to the Huntsville plant; that such route was some longer but did not lead by the government installations on the more direct route; that the plant was on the highway from Ardmore through Huntsville and on the north side of said city, the court found such route not to be such a deviation as to place the deceased outside of his course of employment. Under our rules of review on certiorari, we cannot say that there is no support in the legal evidence for such finding.

We hasten to say here that though the court stated in its finding that there was no evidence as to the location of the Huntsville plant, our review of the evidence discloses that there was such evidence. Mrs. Belcher stated the plant was on Highway 53 in Huntsville, and the map entered in evidence shows this highway to be on the north side of Huntsville. The additional map obligingly submitted by counsel for petitioner in brief has the location of the plant marked thereon. Though

the trial court was in error in misstating this element of the evidence, its correction only adds to the strength of its conclusion. Such misstatement cannot aid petitioner on review.

Having sustained the court's finding of fact from the evidence, we now consider the correctness of its application of the law to the facts.

We have not been cited by either brief to any case from this jurisdiction involving a deviation by an employee from.course of employment due to travel from one point to another. Our own research has disclosed no case of similar factual situation.

 We are guided here as in all Workmen's Compensation cases by the statutory requirements that for an injury to be compensable it must arise out of and in the course of employment. The requirements for fulfilling these conjunctive conditions have been amply discussed in other cases. Wooten v. Roden, 260 Ala. 606, 71 So.2d 802; Queen City Furniture Co. v. Hinds, supra. We will not restate them here.

It is clear that under the facts of this case, that unless Belcher had substantially deviated from a reasonable route from Helena to Huntsville for personal reasons, his injury and death arose out of and in the course of his employment. In the absence of specific precedents in this state, we look to other sources for definitive law as to effect of deviation during travel while in the course of employment. We would emphasize that we do not have here the problem of violation of the employer's instructions. There were no instructions as to route to be traveled.

We think the applicable rule to be that if Belcher in the exercise of his own judgment or preference as to the most desirable route chose to travel a farther route with which he was familiar, rather than a more direct route through the traffic of the third largest city of the state, but with the continuing purpose foremost

to arrive at the plant of petitioner within a reasonable time for work, his actions did not remove him from the course of his employment. The fact that his home was located along or near his chosen route of travel, without proof of more, does not require the conclusion that his route was chosen primarily for private purposes and that he thus had departed from the course of his employment. Lasson's, Workmen's Compensation Law, Vol. 1, Section 19.50; Ortega v. Ed Horrell & Son, 89 Ariz. 370, 362 P.2d 744.

Keeping in mind the principle that the Workmen's Compensation Law should be most liberally construed to accomplish its beneficent purposes and that all reasonable doubt should be resolved in favor of the employee, we do not find error in the judgment of the trial court. Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So. 2d 270; Baggett Trans. Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21.

Though we have not written to all assignments of error by number, we believe our decision adequately disposes of all.

Affirmed.

BRADLEY and HOLMES, JJ., concur.