HOLMES, Judge.
This is a workmen’s compensation case.
The dispositive issue on appeal is whether, in this instance, the remarriage of the widow and the nondependency of the children relieved the employer from further payments of workmen’s compensation benefits. We find that the employer is not liable for further payments and affirm.
The record reveals the following: The employee’s widow brought suit against the employer under Alabama’s workmen’s compensation law, Chapter 5, Title 26, Code of Alabama 1940, on behalf of herself and minor children. The widow of the employee prevailed in her lawsuit in the trial court. The case was appealed to this court and affirmed. See Vulcan Materials Co. v. Belcher, 49 Ala.App. 61, 268 So.2d 843 (1972).
Specifically, the trial court’s decree awarding benefits provided in pertinent part as follows:
“IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED by the Court that the plaintiff have and receive of the defendant the sum of $19,200.00, consisting of $18,800.00 Workmen’s Compensation benefits and $400.00 burial benefits as provided by the Workmen’s Compensation Laws of the State of Alabama for and on account of the death of the subject-deceased. IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the sum of $5,875.00 of said total amount is due as of February 23, 1972, and said amount compensates the plaintiff for all compensation due by the defendant to her and said children to February 23, 1972. In addition thereto the sum of $400.00 is now due as the burial benefit provided by law. The total amount due as of February 23, 1972, which is a part of the total amount of the judgment, is $6,275.00, and IT IS HEREBY ORDERED that said sum be immediately paid. IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the balance of said judgment is not now due but the same will become due in payments in the sum of $47.00 each week following February 23, 1972 on Wednesday. IT IS FURTHER ORDERED by the Court that the defendant pay to the plaintiff the sum of $47.00 on or before each Wednesday immediately following February 23, 1972 until the total amount of this judgment and the costs of this proceeding are paid in full; against said judgment the defendant will be allowed credit for the payment of all accumulated amounts provided herein and all other cash payments on said judgment which may be made from time to time by the defendant. Upon the faithful satisfaction of said judgment as provided herein IT IS HEREBY ORDERED that the defendant be released from all further liability related to the subject of the proceeding. Execution may issue for any amount due or to become due under the terms of this judgment.” [Emphasis supplied.]
Thereafter, the employer paid the sums due under the above mentioned decree. In October of 1976, the employer ceased making the $47 per week payments as there were no dependent children and the widow had remarried. At this time, less than $1,000 remained to be paid.
The remarried widow then filed a garnishment proceeding against the employer and the employer responded with a motion for relief of judgment. The employer’s motion was granted with the learned and distinguished trial judge finding in pertinent part as follows:
“Title 26, Section 284 of The Code of Alabama Recompiled 1958 provides that in case of remarriage of the widow the unpaid balance of compensation which would otherwise become due her shall be paid to the children, or to some other *385 suitable person approved by the court for the use and benefit of the children. It is the intent of the Workman’s Compensation Act to protect the widows and dependent children of deceased employees. No action was taken under this Code section in this case. At this time with the widowhood of the plaintiff and the dependence of the children having been extinguished the court is of the opinion that the intent of the Workman’s Compensation Act has been accomplished. Perhaps there should have been another provision added to the judgment in this case providing for its satisfaction in the event all payments are faithfully made during the widowhood of the plaintiff and the dependency of the children. No doubt the court would have modified the judgment by inserting such provision had it been requested. At this stage the court is of the opinion that the judgment has been satisfied or discharged, and it is no longer equitable that the judgment should have prospective application, and there is good reason justifying relief from the operation of the judgment. The same is HEREBY ORDERED.
“All funds which may be now encumbered by the garnishment proceedings in this case are hereby released, the garnishee is hereby discharged, and the judgment is satisfied. Costs are taxed against the plaintiff.”
It is from this action by the trial court that the appellant appeals.
It is clear to this court that the trial court, in construing the pertinent provisions of Alabama’s workmen’s compensation law, to wit, Title 26, §§ 283 and 284, found there were no longer any dependents as defined therein.
The appellant, through able counsel, does not contend there are in fact dependents, but argues in excellent brief that the judgment rendered was conclusive as to the total amount due and therefore the trial court was without authority for its action in altering the amount of the judgment. Appellant’s contention is in large measure based on Title 26, §§ 300 and 304. We do not agree.
There is no dispute that Alabama’s workmen’s compensation law, in effect at the time of this lawsuit, mandated that the unpaid balance of compensation due, i.e., installment payments, to a widow ceased to be due the widow upon remarriage. It is equally clear that dependents, under circumstances such as we have here, when reaching the age of 18 years ceased to be entitled to benefits.
The only way the appellants, in this instance, could be due the remaining payments would be if the remaining payments were considered vested in the appellants. The trial court found otherwise, stating his reason as set out hereinabove. We cannot say, as a matter of law-, that the wording of the prior judgment awarding compensation requires a finding that the total benefits were in fact vested.
As pointed out by able counsel for appellee-employer, the Supreme Court of Alabama case of U. S. Steel v. Baker, 266 Ala. 538, 97 So.2d 899 (1957), is analogous and we find it to be controlling in the matter now before us.
In Baker, supra, the trial court approved a settlement that provided the employer was to be paid a certain amount for a specified number of weeks for a total claim in excess of $5,000. Payments undér this court approved settlement were made until the employee died. The employee’s representative attempted to require the remaining payments be paid to the employee’s estate. The Supreme Court of Alabama stated that the payments ceased upon death and that the unaccrued installments had not become vested and, therefore, the estate was not due the future installments. The supreme court clearly distinguished between a lump sum agreement and a judgment for installment payments.
The trial court in effect found the instant judgment to be one for installment payments and, therefore, not vested. Additionally, it is clear that the trial court determined that upon the happening of the statutory events ceasing eligibility to receive *386 future installments, such installments were not required to be paid. We agree with these determinations.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.