This is a workmen's compensation case.
The minor claimant, Jeremy Lee Black, appeals from a summary judgment which held Jeremy was not entitled to receive benefits following the death of his grandfather, William D. Black. The refusal to award benefits was predicated upon a finding that Jeremy Lee Black was not a dependent of his grandfather as provided in sections 25-5-61(3) and -62, Code 1975.
The dispositive issue on appeal is whether Jeremy Lee Black may be classified as a dependent child of his deceased grandfather pursuant to either section 25-5-61(3) or -62, Code 1975, and, consequently, be entitled to compensation under Alabama's Workmen's Compensation Law.
Pursuant to section 25-5-60, Code 1975, compensation is to be paid to dependents following the death of an employee covered by our workmen's compensation laws. Section 25-5-61(3), Code 1975, conclusively presumes that minor children of the deceased under eighteen years are wholly dependent. Likewise, section25-5-62, Code 1975, provides that a child of a deceased workman who was wholly supported by the workman at the time of his death is the worker's total dependent.
We would note that both of these sections, section25-5-61(3), Code 1975, and section 25-5-62, Code 1975, establish a mechanism by which a "child" receives workmen's compensation benefits. Consequently, our analysis of Jeremy's entitlement to benefits necessitates a reference to section25-5-1(2), Code 1975, which defines child.
Section 25-5-1(2) sets out two requirements that must be met for a grandchild of the deceased employee to be properly classified as his child. That section provides among the definitions of "child" or "children" the following: "[A] grandchild of the deceased employee, whose father is dead or is an invalid, and who was supported by and a member of the family of such deceased grandparent at the time of the accident" is a child. § 25-5-1(2), Code 1975 (emphasis added).
In other words, before a child can be classified as a dependent under sections 25-5-61(3) and -62, Code 1975, and thereby entitled to benefits, he or she must fit within the definitions of a child as provided in section 25-5-1(2), Code 1975. One of the definitions of a "child" requires not only that the child be supported by and a member of the family of the deceased grandparent but also that the child's father be either dead or an invalid.
Because this appeal arises out of the trial court's granting of a summary judgment, the court's action was proper if we determine that there was no genuine issue of material fact and that Freeman Lumber was entitled to judgment as a matter of law. Whitehead v. Johnston, 467 So.2d 240 (Ala. 1985).
We have carefully reviewed the record and the evidence indisputably establishes not only that Jeremy Lee Black's father is alive, but also that he is able to work. As a result, Jeremy fails to meet the statutory definition of a child and, ultimately, a dependent. Additionally, as the evidence is uncontroverted with regard to *Page 916 
Jeremy's father, the trial court properly granted the summary judgment.
Although our conclusion that Jeremy is not a dependent of his deceased grandfather may be viewed as a harsh result in this case, it is well settled that the legislature, not this court, has the prerogative "to define dependents and fix the liability of the employer in respect thereto." Briggs v. Tennessee Coal,Iron Railroad Co., 240 Ala. 44, 197 So. 17 (1940). The legislature defined child in section 25-5-1(2), Code 1975, and any changes therein will have to be made by the legislature.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur. *Page 1054