THIGPEN, Judge.
This is a workers’ compensation ease.[1]
Brenda Griffin, individually and as the spousal dependent of Joe Nathan Griffin (Griffin), and Warren, Stacy, and Tracy Griffin, as the children and dependents of Griffin, filed a complaint seeking workers’ compensation benefits from Jimmy Stein Motor Lines (Stein). The facts regarding Griffin’s employment status and cause of death are undisputed. Griffin was employed as a truck driver for Stein, and was killed in an automobile accident in the line and scope of his employment on August 28, 1992.
Brenda, Warren, Stacy, and Tracy each testified that he or she was totally financially dependent on Griffin. Brenda responded to questioning that none of the children have a mental or physical handicap, and that as far as she knew, all three were healthy. The trial court expressly found that Warren, age 19, Stacy, age 18, and Tracy, age 18, were dependent on Griffin for shelter, support, food, clothing, medical care, and dental care at the time of Griffin’s death, and that Warren and Stacy were dependent on Griffin for educational expenses at the time of Griffin’s death. The trial court determined that Warren and Stacy “were physically and/or mentally incapacitated as a result of their status as full time students.” The trial court awarded statutory death benefits to the wife, to Warren, a college freshman, and to Stacy, a senior in high school. Although the trial court found that Tracy, who was not in school at the time of the hearing, was dependent, it did not award her statutory death benefits. Stein appeals, contending that the trial court erred in finding that Warren and Stacy were of dependent status and entitled to workers’ compensation benefits.
Ala.Code 1975, § 25-5-61(3), states that “minor children under the age of 18 years and those over 18, if physically or mentally incapacitated from earning” are conclusively presumed to be wholly dependent for compensation purposes. Ala.Code 1975, § 25-5-62, which designates the order of compensation, states that, among others, a wife or child “who was wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his total dependents.” Although the 1992 Workers’ Compensation Act substantially revised the *1390 workmen’s compensation laws in Alabama, these sections were unchanged. Therefore, we may look to the interpretations of these sections prior to the enactment of the 1992 Act.
Because the accident and resulting death occurred after the effective date of the Act, this case is governed by the 1992 Alabama Workers’ Compensation Act. Ala.Code 1975, § 25-5-81(e)(2), states that the trial court’s findings of fact “shall not be reversed if [those findings are] supported by substantial evidence.” The legal issues, however, are reviewed “without a presumption of correctness.” Ala.Code 1975, § 25-5-81(e)(l).
In the case sub judice, the facts are undisputed regarding the age and status of the children in regard to their living arrangements. We must examine whether the trial court properly applied the law to the facts regarding these children. Ala.Code 1975, § 25-5-60, governs the computation of death benefits and the persons entitled to recovery. One dependent is entitled to 50% of the average weekly earnings of the deceased to be paid for his or her use and benefit. Ala. Code 1975, § 25-5-60(l)(a). Two or more dependents are entitled to 66 and ⅜% of the average weekly earnings of the deceased for their use and benefit. Ala.Code 1975, § 25-5-60(l)(b). It is not disputed that the wife is entitled to recover death benefits as a dependent of the deceased. Therefore, here, we are only concerned with whether the wife is the only dependent for workers’ compensation purposes, or whether any of the children were properly determined to be dependent. A determination that only the wife is a dependent will result in a 50% award, whereas, if one or more of the children are also properly determined to be dependent, the maximum award of 66 and %% is permitted. Of particular concern is the trial court’s disparate treatment of the 18-year-old twins, Stacy and Tracy.
The only evidence in the record to support the finding that Warren and Stacy are incapacitated from earning concerns their status as students. The wife’s testimony clearly supports the conclusion that these adult children are not physically or mentally incapacitated from earning. The appellees acknowledge in brief that “the trial court erroneously held that Warren and Stacy Griffin were physically and/or mentally incapacitated from earning as a result of their status as full time students.” The trial court’s finding that Warren and Stacy are incapacitated from earning is not “supported by substantial evidence,” and therefore, is reversible error. Ala.Code 1975, § 25-5-81(e)(2). As such, the award of death benefits for the use and benefit of Warren and Stacy which is based upon that erroneous finding was in error and must be reversed.
We now address the issue of whether any of the children are entitled to death benefits pursuant to any other interpretation of the statute. Stein argues that there is simply no provision to allow these children to recover death benefits. In response to Stem’s argument, the children, through able counsel, presented in brief and at oral argument, a thoughtful and well-reasoned position in support of the judgment. The children assert that they are entitled to death benefits pursuant to Ala.Code 1975, § 25-5-62. They urge this court to interpret that section to establish a burden of proof, which if met, would allow a child, 18 years or older, and not incapacitated from earning, to establish total dependency on a deceased parent, and therefore allow that child to collect death benefits.
Ala.Code 1975, § 25-5-62, does not by itself afford a child over the age of 18 who is not incapacitated from earning, an opportunity to prove actual dependency on the deceased parent. Rather, §§ 25-5-61(3) and 25-5-62 provide “a mechanism by which a ‘child’ receives [workers’] compensation benefits.” Black v. Freeman Lumber Co., 509 So.2d 914, 915 (Ala.Civ.App.1987) (emphasis added). Section 25-5-62 is not to be considered without also considering section 25-5-61(3), since both of the statutes provide “a mechanism” for recovery by a “child.” Black at 915. Section 25-5-61(3) limits the class of children presumed to be dependent to those under the age of 18, and those over 18, if physically or mentally incapacitated from earning. In the case sub judice, none of the *1391 children is a member of either of these groups designated in the statute.
Ala.Code 1975, § 25-5-65, states “in all cases, only those under 18 years of age or those over 18 years of age who are physically or mentally incapacitated from earning” are included in the computation and payment of compensation. The unambiguous intent of this section is that children over the age of 18 are conclusively presumed to be precluded from recovering death benefits. This court is bound by the unambiguous pronouncement of a statute. Jones v. University of South Alabama Medical Center, 625 So.2d 1139 (Ala.Civ.App.1992).
This court has ruled that “dependents ... when reaching the age of 18 years [cease] to be entitled to benefits.” Belcher v. Vulcan Materials Co., 359 So.2d 383, 385 (Ala.Civ.App.1978); cert. denied, 359 So.2d 386 (Ala.1978). Furthermore, “[t]he non-entitlement to periodic compensation by a minor upon reaching 18 years of age is governed by the express language” of Ala.Code 1975, § 25-5-65. Ex parte Belcher, 359 So.2d 386, 386 (Ala.1978) (Jones, concurring specially).
The statutes governing this case disallow the recovery of death benefits of a deceased worker, by his adult children, who, as the undisputed evidence indicates, were totally, financially supported by that worker. That harsh result seems contrary to the longstanding recognition regarding the purpose of the workers’ compensation laws. See Harris v. Gill, 585 So.2d 831 (Ala.1991), and Ex parte Strickland, 553 So.2d 593 (Ala. 1989). In extending financial support to adult children for educational purposes, our Supreme Court, in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), noted that children are now maturing later and becoming self-sufficient later in life than previous generations, due in part to the necessity of obtaining a college education to realistically compete for career opportunities. The legislature did not make such an extension for adult children of deceased workers in 1992 when it revised the workers’ compensation laws and “this court must enforce the statute as written.” Marshall County Personnel Board v. Marshall County, 507 So.2d 954, 957 (Ala.Civ.App. 1987). Additionally, this court is bound by decisions of our Supreme Court. Ala.Code 1975, § 12-3-16. Therefore, we have no alternative but to deny the death benefits to these children.
The trial court’s findings that Warren, Stacy, and Tracy are dependent for purposes of the Workers’ Compensation Act are erroneous. The trial court’s judgment based upon those findings is therefore in error and must be reversed. Accordingly, this cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.

. This case is governed by the Workers' Compensation Act which went into effect May 19, 1992.