DONALDSON, Judge.
This appeal arises from a judgment denying benefits under the Alabama Workers’ Compensation Act, Ala.Code 1975, §. 25 — 5—1, et seq. (“the Act”), to an adult daughter of a. deceased employee. The material facts of this case are not in dispute. Thomas D. Banks was murdered by a coworker on October 8, 2010, while at work for his employer, Premier Service Company, Inc. (“Premier”). Thomas was survived by his wife, Catalina Banks, and his adult daughter, Donna C. Banks. Donna was a 22-year-old student at the University of Alabama at the time of Thomas’s death. Donna and her fiancé, Nick Tag-gart, were living with their infant child in a trailer owned by Thomas. Taggart was employed full time. Thomas provided some financial support for Donna at the time of his death. Donna was neither physically nor mentally incapacitated at any relevant time. Catalina and Donna filed a complaint against Premier in the Bibb Circuit Court (“the trial court”), seeking benefits under the Act and also seeking damages for tort claims.[1]
The workers’ compensation claims were tried on January 30, 2013. At trial, the parties stipulated:
“The parties are subject to the Workers’ Comp Act. Numbér 2, Thomas D, Banks was killed on October the 8th, 2010. He was murdered by a coworker while working within the line and scope of his employment and working for [Premier]. Number 3, the average weekly wage of the. decedent, Thomas D. Banks, was 775.60. Number 4, with the payment today of $5,626.51, [Premier] has paid the widow, Catalina Banks, all sums to which she is entitled as of this date which are equivalent to a sum of 50 percent of Thomas D. Banks’s average weekly wage. And Number 5, [Premier] will continue to pay to the widow this set amount for as long as she is eligible under the Workers’ Compensation Act which is the maxipium of 500 weeks until suspended upon either the death or remarriage of the widow, Catalina Banks.”
The trial court admitted transcripts from the depositions of Catalina and Donna, and it also received testimony from Donna. At the close of the trial, the court stated:
“[I]t does appear that the law — the way I see it and the way it has been represented to me about how the partial dependents are dealt with — you have to have been a dependent prior — at the time of death. And, of course, that’s not the case here. ’ That’s the stipulated fact. And, so, I have no choice but to rule in favor of [Premier], and I grant *372 [its] motion we talked about. You can prepare me an order specifying and making those findings for me because, you know, to me, elearly I think all of the evidence of [Donna’s], that is, of the emotionally incapacitated, should I say, came after the death of her father. You know, clearly [Donna] was dependent on her father. I mean, without a doubt, all these other — matter of fact, Defendant’s Exhibit 3 about the situation in Tuscaloosa, there’s no consequence to the issue of that. Clearly, she was a dependent in my mind. But the question is, she doesn’t fit the statute of already being emotionally challenged and not able to earn at that time, so. Of course, I wanted to see if I could have found coverage for the grandchild, but the grandchild is not a party. So we had to move forward. So that will be my order. I really appreciate you all and thank you all for coming.”
On February 5, 2013, the trial court entered a judgment containing written findings of fact and conclusions of law. The trial court found:
“The Court finds that plaintiff Donna Banks was the daughter of decedent Thomas D. Banks. Donna Banks was born on November 12, 1987. At the time of decedent Thomas D. Banks’s October 8, 2010, death, Donna Banks was twenty-two (22) years of age. The Court finds that she was partially dependent and being supported by her father, but was neither physically handicapped nor mentally handicapped at the time of her father’s death. At the time of her father’s death, Donna Banks was living in a trailer with her fiancé Nick Taggart, and their infant child, Nathaniel Taggart. The Court finds that Nick Taggart was working full time at Blue Beacon Truck Wash at the time of Thomas D. Banks’s October 8, 2010, death.
“The Court further finds that in addition to maintaining a household with her fiancé and infant child — Donna Banks was pursuing a double major in Marine Science and Geology with a special focus in Paleontology at The University of Alabama at the time of her father’s death. Following her father’s death, Donna Banks continued to pursue her studies at The University of Alabama and graduated with a double major in Marine Science and Geology in December 2012. The Court finds that Donna Banks did not sustain emotional trauma and loss as a result of Thomas D, Banks’s October 8, 2010, death. She has not been able to concentrate and adequately pursue gainful employment.”
Based on its findings of fact, the trial court entered the following judgment:
“It is therefore the finding and conclusion of this Court, after having taken into consideration the testimony and after considering all of the evidence and applicable law, that the plaintiff Donna Banks is not a dependent of decedent Thomas D. Banks as defined by the Alabama Workers’ Compensation Act. The Court finds that Donna Banks, decedent’s daughter, was 22 years of age at the time of the October 8, 2010, murder. The Court further finds that she was not physically or mentally incapacitated from earning at that time as the definition is stated in the Code. Accordingly, Donna Banks is barred from recovering workers’ compensation death benefits as a result of her father’s death pursuant to Ala.Code, § 25-5-65 (1975).”
On February 28, 2013, Donna filed a motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial. Those motions were denied by operation of law, and Donna filed a timely notice of *373 appeal on July 9, 2013.[2] On appeal, Donna raises a single issue — whether the trial court- erred in ruling that she was not entitled to death benefits under the Act.
Because the material facts are undisputed and the resolution of this appeal involves the application of the provisions of the Act to those facts, we review the trial court’s judgment without a presumption of correctness. § 25 — 5—81(e)(1) (“In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.”). Section 25-5-62 of the Act provides:
“A wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law or father-in-law who was wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his total dependents, and payment of compensation shall be made to such total dependents in the order named.”
Donna argues that the trial court’s finding that she was partially dependent on Thomas for support entitled her to benefits as a partial dependent pursuant to § 25-5-64 of the Act, which provides:
“Any member of a class named in Section 25-5-62 who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his partial dependent, and payment of compensation shall be made to such partial dependents in the order named,”
Premier counters that Donna was not entitled to any death benefits based on § 25-5-65, which provides:
“In computing and paying compensation to orphans or other children,..in all cases, only those under 18 years of age or those over 18 years of age who are physically or mentally incapacitated from earning shall be included; the former to receive compensation only during the time they are under 18, the latter for the time they are so incapacitated, within the applicable period for which benefits are payable.”
The Act defines a “dependent child or orphan” as “[a]n unmarried child under the age of 18 years or one over that age who is physically or mentally incapacitated from earning.” § 25 — 5—1(3), Ala.Code 1975.[3] The Act also provides that “[m]inor children under the age of 18 years and those over 18, if physically or mentally incapacitated from earning,” are “conclusively presumed to be wholly dependent.” § 25-5-61(3).
Donna does not contend that the trial court’s finding that she was not physically or mentally incapacitated was erroneous. Instead, she contends that, even though *374 she was over 18 years of age at the time of Thomas’s death, the holding in Goodloe v. LaRoche Industries, Inc., 686 So.2d 335 (Ala.Civ.App.1996), supports her claim for partial death benefits. In Goodloe, Joseph D. Goodloe and his former wife were divorced three weeks before he died on the job. As part of the divorce judgment, Goodloe had been ordered to pay child support to the former wife for their 18-year-old son until he reached the age of majority. After Goodloe’s death, the divorce judgment was vacated. The former wife ‘ and son then filed claims 'against Goddloe’s employer for death benefits under the Act. The trial court entered a summary judgment in favor of the employer. In reversing the summary judgment, this court held:
“Those who are presumed to be wholly dependent include the worker’s spouse, minor children under the age .of 18, and children 18 or older who are physically or .mentally incapacitated from earning. •.§ 25-5-61, Ala.Code 1975. Even if not presumed wholly dependent, certain persons, including a deceased worker’s .wife and child, can receive compensation as the worker’s total dependents if they were wholly supported by the worker at the time of his death or had been for a reasonable period of time immediately preceding his death. § 25-5-62, Ala. Code 1975.'
“The son argues that he was entitled to receive death benefits ás a partial dependent. Section 25-5-64, Ala.Code 1975, provides that any class member qualified to receive benefits under § 25-5-62, including a child of the deceased, who regularly derived part of his support from , the deceased worker at the time of his death or had done so for a reasonable period of time immediately prior thereto, shall be considered a partial dependent. See also § 25-5-60, Ala. Code 1975 (setting out compensation payable to partial dependents).. Neither § 25-5-62 nor § 25-5-64 requires that the child be under 18 to be eligible for the compensation.
“The divorce judgment ordered Good-loe to provide support for his 18-year-old son until he reached the age of majority. There is no evidence that the son was employed until several months after Goodloe’s death. Clearly, the son was at least a partial dependent at the time of Goodloe’s death and is therefore qualified to receive compensation under § 25-5-64. Therefore, the trial court erred in awarding a summary judgment in regard to the son’s claim.”
Id. at 337. Based on Goodloe, Donna argues that the trial court erred in holding that she. was not entitled to receive partial dependent death benefits under the Act.
Premier argues that the Goodloe decision is an “anomaly,” and it cites Jimmy Stein Motor Lines, Inc. v. Griffin, 643 So.2d 1388 (Ala.Civ.App.1994), as controlling authority for its position. In Jimmy Stein, the widow and three children of a deceased employee filed claims for death benefits under the Act against the decedent’s employer. The three children were all over 18 years of age at the time of the employee’s death. Two of the children were enrolled full time in school.' All three children' had been financially dependent upon the employee at the time of the employee’s death. The trial court in that case found that the two children who were in school “ ‘were physically and/or mentally incapacitated as a result of their status' as full time students,’ ” and it awarded death benefits under the Act to those two children. Id. at 1389. On appeal, this court found that the children enrolled in school were “not physically or mentally incapacitated from -earning.” Id. at 1390. This court further analyzed whether any of the *375 children would be entitled to death benefits under any of the provisions- of the Act:
“The children assert that they are entitled to ’death benefits pursuant to Ala. Code 1975, § 25-5-62. They urge this court to interpret that section to establish a burden of proof, which if met, would allow a child, 18 years or older, and not incapacitated from earning, to establish total dependency on a deceased parent, and therefore allow that child to collect death benefits.
“Ala.Code 1975, § 25-5-62, does not by itself afford a child over the age of 18 who is not incapacitated from earning, an opportunity to prove actual dependency on the deceased parent. Rather, §§ 25-5-61(3) and 25-5-62 provide ‘a mechanism by which a “child” receives [workers’] compensation benefits.’ Black v. Freeman Lumber Co., 509 So.2d 914, 915 (Ala.Civ.App.1987) (emphasis added). Section 25-5-62 is not to be considered without also considering section 25-5-61(3), since both of the statutes provide ‘a mechanism’ for recovery by a ‘child.’ Black at 915. Section 25-5-61(3) limits the class of children presumed to be dependent to those under the age of 18, and those over 18, if physically or mentally incapacitated from earning.. In.the case sub judice, none of the children is a member of either of these groups designated in the statute.
“Ala.Code 1975, § 25-5-65, states ‘in all cases, only those under 18 years of age or those over 18 years of age who are physically or mentally incapacitated from earning’ are included in the computation and payment of compensation. The unambiguous intent of this section is that children over the age of 18 are conclusively presumed to be precluded from recovering- death -benefits. This court is bound by the unambiguous pronouncement of a statute. Jones v. University of South Alabama Medical Center, 625 So.2d 1139 (Ala.Civ.App.1992).
“This court has ruled that ‘dependents ... when reaching the age of 18 years [cease] to- be entitled to benefits.’ Belcher v. Vulcan Materials Co., 359 So.2d 383, 385 (Ala.Civ.App.1978); cert. denied, 359 So.2d 386 (Ala.1978). Furthermore, ‘[t]he non-entitlement to peri- . odie ■ compensation by a minor upon reaching 18 years of ..age- is governed by the express language’ of Ala.Code 1975, § 25-5-65. Ex parte Belcher, 359 So.2d 386, 386 (Ala.1978) (Jones, concurring specially).
“The statutes governing this case disallow the recovery of death benefits of a deceased worker, by his-adult children, who, as the undisputed evidence indicates, were totally, financially supported by that worker. That harsh result seems contrary to the long-standing recognition regarding the purpose of the workers’ compensation laws. See Harris v. Gill, 585 So.2d 831 (Ala.1991), and Ex parte Strickland, 553 So.2d 593 (Ala.1989).... The legislature did not make . an extension for adult children of deceased workers in 1992 when it revised the workers’ compensation laws and ‘this court must enforce the statute as written.’ Marshall County Personnel Board v. Marshall County, 507 So.2d 954, 957 (Ala.Civ.App.1987). Additionally, this court is bound by decisions of our Supreme Court. Ala.Code 1975, § 12-3-16. Therefore, we have no alternative but to deny the death benefits to these children.”'
Id. at 1390-91. Donna does- not argue that Jimmy Stein is not applicable authority. Rather, she argues that the case is distinguishable because the trial court in this case found Donna to be “dependent” rather than “incapacitated” and because Jimmy Stein involved a finding of total fi *376 nancial dependency instead of partial dependency as in the present case and in Goodloe,
We cannot distinguish the analysis regarding death benefits payable to depen-dants under the Act in Jimmy Stein based on the facts of this case as argued by Donna. Jimmy Stein recognized that the legislature did not provide for death benefits for adult children of deceased workers who are not physically or mentally incapacitated even when the children are totally dependent upon the deceased worker for support. To the extent Goodloe holds otherwise, it is overruled.
Donna was over 18 years of age at the time of Thomas’s death and was not physically or mentally incapacitated. The trial court correctly ruled that she was not entitled to death benefits under the Act. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

.. Both parties stated in their briefs to this court that the tort and workers-’ compensation claims were "severed” in the trial court. There is no indication in the record submitted to this court that the claims were. actually severed or assigned independent case numbers. See, e.g., Hamilton v. CSC Distrib., Inc., 10 So.3d 589 (Ala.Civ.App.2008) (discussing the distinction between severed claims and separate trials). The tort claims were decided in a summary judgment, and the supreme court affirmed that judgment, Without an opinion, in a separate appeal. Banks v. Moonlight Investigative Servs., LLC (No. 1120675, December 6, 2013), 176 So.3d 879 (Ala.2013) (table). As explained infra, the only issue before us in this appeal relates to the claim of Donna under the Act.

. Although Catalina was listed as a movant on the postjudgment motion and as an appellant in the notice of appeal, she received the relief she sought in the trial court, and the issue raised in the postjudgment motion and on appeal relates' only to Donna’s claim under the Act. Therefore, we treat Donna as the sole appellant.
Moreover, despite any indication in the record that the tort claim and the workers' compensation claims were actually severed, based on the unique procedural posture of this case, we are treating the trial court’s judgment on the workers' compensation claims as a final judgment. See note 1, supra.

. We recognize that, for most purposes, the age of majority in Alabama is 19 years. See § 26-1-1, Ala.Code 1975. However, Alabama courts have consistently recognized that the ■ Act “ ‘creates rights ... remedies ... and procedures all [its] own.’ ” . Davis v. Fayette Cnty. Comm'n, 831 So.2d 50, 53 (Ala.Civ.App.2002) (quoting Riley v. Perkins, 282 Ala. 629, 632, 213 So.2d 796, 798 (1968)).